SHALLER *v.* DETROIT UNITED RAILWAY.

TRIAL—INSTRUCTIONS—DUTIES OF JURY.

> Where the jury had had some experience in court during the
> term at which the case was tried, and could be presumed to
> know that no juror should find a verdict not based on his
> own convictions, derived from the whole case, and the court
> charged them to engage in no discussion that would tend to
> prevent their agreeing, consider the evidence and the facts,
> and reach a verdict, if they could, such as should thereafter
> satisfy their individual consciences, it was not error to refuse
> a request that it was the duty of the jury to consider the tes-
> timony, and to reconcile their opinions if able to do so, but
> that no individual was required to surrender his individual
> opinion.

Error to Oakland; Smith, J. Submitted January 19,
1905. (Docket No. 73.) Decided February 27, 1905.

Case by John Shaller against the Detroit United Rail-
way for personal injuries. There was judgment for plain-
tiff, and defendant brings error. Affirmed.

*Brennan, Donnelly & Van De Mark* and *James H.
Lynch*, for appellant.

*Abbott & Abbott* and *Lehmann & Riggs*, for appellee.

OSTRANDER, J. In this case a single error is assigned
by the defendant, appellant. It is based upon the refusal
of the circuit judge to charge the jury, as requested, that:

"In this case it is the duty of the jury to consider the
testimony, and, in cases of difference of opinion, to recon-
cile such differences, if they are able to do so. But in or-
der to do so, no individual is required to surrender his in-
dividual opinion, and this is as true as to the amount of
damages as well as any other question."

The action is for damages for personal injuries arising
out of the negligence of the defendant company. Liabil-

ity of defendant was conceded, and no proofs were introduced by it as to the character or extent of the injuries. The testimony on the part of plaintiff tended to show a collision October 31, 1902, of cars, upon one of which he was a passenger, by which he was thrown from his seat, injuring his hip and ankle; that the injury to his ankle was continuing; that he suffered more or less pain, and that he could not use the ankle as he used to do. The ankle was exhibited to the jury, and medical men gave testimony concerning the nature and extent of the injuries. The jury were limited to consideration of an award for past and future pain and suffering. They returned a verdict for $725. The circuit judge concluded his charge with the following:

" Take the case, and take your own time for considering it, no matter how much time is required. Engage in no discussion that will tend to prevent your agreeing; consider the evidence and all the facts, and reach a verdict, if you can, such as shall hereafter satisfy your individual consciences, and the court will be satisfied."

It appears from statements made by the court in his charge that this jury had served some time during the term at which this case was tried.

It is undoubtedly true that " no juror should find a verdict which is not based on his own convictions, derived from the whole case." It is a reasonable presumption that jurors, especially after some experience in court, know this. We think that the trial judge fairly cautioned the jury in what he said to them upon this point, and that the refusal to give the more pointed and suggestive request preferred on the part of defendant is not such manifest error as ought to reverse the judgment.

It is therefore affirmed, with costs.

MCALVAY, GRANT, BLAIR, and MONTGOMERY, JJ., concurred.