COFFEE v. PERE MARQUETTE RAILROAD CO.

1. RAILROADS—INJURIES AT CROSSINGS—OBSTRUCTION OF VIEW—CONTRIBUTORY NEGLIGENCE.

Where, in an action for injuries at a railroad crossing, plaintiff heard the puffing of an engine before he started across the track, but, his view being obscured, he was advised by another, whose experience in railroading was, but whose opportunity for observation was not, superior to his own, that the puffing he heard proceeded from an engine on another track, whereupon plaintiff started to cross, he was not guilty of contributory negligence, as a matter of law, in not waiting until certain that the puffing was not from an engine approaching on defendant's track.

2. SAME—DUTY TO STOP.

Where plaintiff, approaching a railroad crossing where his view was entirely obstructed, stopped, when only 30 feet from the track, until satisfied that it was safe to proceed, he was not guilty of contributory negligence, as a matter of law, in not stopping again, in addition to continuously listening, before driving on the track.

3. SAME—INQUIRIES OF OTHERS.

Where plaintiff's view of a railroad crossing was entirely obstructed by a building and a freight car, and, as he was about to cross the track, other men were standing in front of him, who were in a position to have seen the approaching engine by which plaintiff was struck, but they said nothing to warn plaintiff of his danger, he was not guilty of contributory negligence, as a matter of law, in failing to ask such persons whether it was safe to cross the track.

Error to Kent; Wolcott, J. Submitted February 9, 1905. (Docket No. 114.) Decided March 21, 1905.

Case by John Coffee against the Pere Marquette Railroad Company for personal injuries. There was judgment for plaintiff, and defendant brings error. Affirmed.

*Frederick W. Stevens* (*Charles McPherson*, of counsel), for appellant.

*Ward & Brown*, for appellee.

CARPENTER, J.   Plaintiff received serious injuries as the result of a collision between his wagon and defendant's locomotive.   He brought this suit and recovered a judgment in the court below.   Defendant asks us to reverse that judgment on this single ground, viz., that the trial court erred in not directing a verdict on the ground of plaintiff's contributory negligence.

The facts are these:   September 18, 1901, plaintiff delivered a load of freight at Metzger's cold storage building, in the city of Grand Rapids, situated just west of Winter street.   In driving from that building to Winter street, plaintiff had to cross two tracks of defendant, viz., a siding and a main track.   The main track was situated within the limits of Winter street.   While crossing the latter track, the collision which occasioned his injury occurred. In approaching said main track, plaintiff had to pass between two freight cars on said siding, situated about 10 feet apart.   The cold storage building and the freight car on his north entirely obstructed plaintiff's vision, and prevented his seeing the approaching locomotive, which was coming from the north, until he reached the main track. When plaintiff was about 30 feet from defendant's track, he thought he heard the puffing of an engine.   He stopped opposite the door of the cold storage warehouse to investigate.   The noise ceased, and he was assured by Mr. Lemstra, an employé of the cold storage company, whose experience about railroads was, but whose opportunity for observation was not, superior to his own, that the engine was on another track, and that there was no danger.   He started on, listening as he proceeded, and met an acquaintance—a Mr. O'Leary—who had just walked across defendant's track without seeing the approaching engine. Plaintiff merely said, " Good morning," and passed on, confirmed in his belief that the passage was safe.   When

nearer defendant's track, plaintiff saw some persons standing in front of him on Winter street. These men were in such a position that they could have seen the approaching engine. They said nothing to plaintiff, and he made no inquiries of them, but their silence confirmed his belief that it was safe to cross. Passing on, he did not observe the locomotive which injured him until his horses were on the main track.

Defendant contends that plaintiff was, as a matter of law, guilty of contributory negligence, for three reasons:

"*First.* After hearing the engine puffing, he should have waited long enough to make sure that it was not approaching on defendant's track.

"*Second.* He should have stopped, as well as listened, in moving from this point to the place where the collision occurred.

"*Third.* Plaintiff should have inquired of the persons he saw in Winter street, whose view of the approaching engine was unobstructed, to learn if he might safely drive across the track."

We will consider each of these reasons.

1. Defendant's contention that plaintiff, after hearing the engine puffing, should have waited until certain that it was not approaching on defendant's track, assumes that the puffing heard by plaintiff proceeded from the engine which occasioned his injury. The record, which the trial judge certifies "contains all the testimony given upon said trial which in any manner affects the exceptions therein noted," contains no positive testimony tending to prove that assumption. While the jury might have inferred that the puffing heard by plaintiff proceeded from the engine which collided with him, that inference was by no means a necessary one. They might have believed, as Lemstra induced plaintiff to believe, that this puffing proceeded from an engine on another road. Since, for the purposes of this question, we must adopt that view of the facts most favorable to plaintiff, we cannot assume that this puffing proceeded from the engine which later collided

with his wagon. This disposes of defendant's claim under present consideration, for surely no one will claim that plaintiff was negligent in crossing defendant's track because an engine was moving on an altogether different track.

2. When plaintiff was only 30 feet away from defendant's track, he stopped until satisfied that it was safe to proceed. Defendant's contention that, as he approached the track, plaintiff was bound to stop again, as well as to listen, finds support in no decision of this court. We cannot say, as a matter of law, that a reasonably prudent man, with nothing to excite his apprehension, would not have relied, as plaintiff did, on his sense of hearing. Whether or not he should have stopped again was a question properly submitted to the jury. See *Guggenheim* v. *Railway Co.*, 66 Mich. 150.

3. Neither do we think that plaintiff was negligent because he did not ask the men standing on the opposite side of the track whether it was safe to cross. An ordinarily prudent person might assume, as it is to be inferred from his testimony plaintiff did assume, that, if those men knew he was putting himself directly in the path of a rapidly moving locomotive, the instinct common to humanity would lead them to warn him of his danger. We conclude, therefore, that the court did not err in leaving the question of plaintiff's contributory negligence to the jury.

Judgment is affirmed, with costs.

MOORE, C. J., and MCALVAY, GRANT, and BLAIR, JJ., concurred.