HINTZ v. MICHIGAN CENTRAL RAILROAD CO.

1. Railroads—Injuries at Crossing—Contributory Negligence.
   In an action against a railroad company for injuries to plaintiff at a crossing, evidence examined, and *held*, that the question of contributory negligence was for the jury.

2. Same—Evidence—Sufficiency.
   In an action against a railroad company for injuries to plaintiff at a crossing, evidence examined, and *held*, that the evidence was sufficient to warrant a finding that the injuries arose from a collision between defendant's train and plaintiff's vehicle rather than from plaintiff's team running away.

3. Trial—Instructions—Credibility of Witnesses.
   In an action against a railroad company for injuries, it was not error to refuse to charge that the jury had no right to disregard the testimony of any witness through caprice or without cause, merely because the witness was employed by the railroad company; there not having been anything to indicate that the jury would disregard the testimony of any witness, and the court having instructed that the testimony of each witness should receive such credit as it seemed to be entitled to under all the circumstances.

Error to Saginaw; Snow, J.    Submitted April 5, 1905. (Docket No. 18.)    Decided June 29, 1905.

Case by Anna Hintz against the Michigan Central Railroad Company for personal injuries. There was judgment for plaintiff, and defendant brings error. Affirmed.

*Watts S. Humphrey*, for appellant.

*Rowland Connor*, for appellee.

Carpenter, J.    It is the claim of plaintiff that as she and her husband were driving across defendant's railroad on Davenport street, in the city of Saginaw, on the even-

ing of September 8, 1898, a train of defendant, negligently
operated, struck their wagon, thereby seriously injuring
her and killing her husband. She brings this suit to
recover compensation for said injuries. She obtained a
verdict and judgment in the lower court. This case was
before us on a former occasion, and is reported in 132
Mich. 305. At that time we reversed a judgment in
plaintiff's favor on the ground that the verdict was against
the weight of testimony. Since then this case has been
tried twice (on the first trial the jury disagreed), and a
suit to recover damages for the death of plaintiff's hus-
band has also been tried. The latter trial—a trial of the
same issue as that in this case—resulted in a verdict for
the plaintiff, which was afterward set aside by the trial
court. Defendant contends that a verdict should have
been directed in its favor on the ground that the undis-
puted testimony proves that plaintiff was guilty of con-
tributory negligence. Plaintiff testified that as she and
her husband approached the crossing, and a short distance
therefrom, they stopped, looked, and listened; and it is to
be inferred from her testimony that they listened as they
moved from this point to the place of collision. She also
testifies that cars standing upon a siding of defendant ob-
structed their view of the approaching train. It is claim-
ed by defendant that, notwithstanding this testimony, the
surroundings of the crossing, as shown by the undisputed
evidence, establish contributory negligence. I state that
claim in the language of defendant's counsel:

"All the witnesses, both for plaintiff and defendant,
who testify at all upon these points, agree that, even if
the siding were full of box cars, when a traveler gets to a
point at least 30 feet west of the main track, and from
there until he crosses the track, there is nothing to prevent
his seeing and hearing an approaching train in time to
take the necessary precautions for his safety, provided he
looks and listens attentively. * * * The proof is posi-
tive and uncontradicted that when plaintiff and her hus-
band reached the point where the box cars, if there were
any upon the siding, no longer obstructed their view, they

had a clear view of the track for a distance of over half a mile."

We cannot agree with defendant's counsel that the foregoing facts were proved by the *undisputed* testimony. On the contrary, witnesses for the plaintiff testified that, immediately after passing the box cars on the siding, one seated in a vehicle could see in the direction from which the train came only 175 or 200 feet, and that at that time his team would be within 15 or 20 feet of the track. If the jury believed this testimony—and they certainly had a right to believe it—after they passed the cars on the siding plaintiff and her husband had a very limited opportunity indeed to discover the approaching train. We cannot say—and this is precisely what defendant asks us to say—that the opportunity was such that failure to discover and avoid the train was negligence, as a matter of law.   See *Coffee* v. *Railroad Co.*, 139 Mich. 378; *Guggenheim* v. *Railway Co.*, 66 Mich. 150.   In reaching this conclusion, we have considered defendant's claim that certain photographs introduced in evidence conclusively proved that the cars on the siding did not seriously obstruct plaintiff's view of the approaching train. We do not think these photographs conclusively prove what is claimed for them.   As shown by said photographs, that part of defendant's siding nearest to the highway and to the main track was vacant.   According to plaintiff's testimony, this part of the siding was occupied by box cars which obstructed the view of the approaching train. The photographs, with these cars omitted, did not, therefore, according to plaintiff's testimony, show the situation as it existed.

2. We are asked to set aside this verdict, as we did the verdict in the former trial, on the ground that it is against the weight of the testimony.   We thought the weight of the testimony as shown by the former record proved that plaintiff's injuries resulted, not from a collision with defendant's train, but from a runaway which occurred after

defendant's train had passed Davenport street. On this occasion, and on this record, we are less confident of the correctness of that conclusion. Our confidence is somewhat lessened by the fact that since that time two juries, who are the ultimate triers of the issue of fact, have decided that plaintiff's injuries did result from such collision. It may also be said that on the last trial plaintiff's evidence was corroborated by the following testimony not introduced on the first trial, viz.: The testimony of disinterested witnesses tending to prove that the injury to plaintiff and her husband was reported to the police authorities earlier than it would have been reported had that injury resulted from a runaway occurring after the train had passed. There is also other corroborating testimony not contained in the former record. We decline, therefore, to again set aside the verdict as against the weight of testimony.

Complaint is made because the trial court did not give to the jury the following request preferred by defendant:

"The jury are instructed that they have no right to disregard the testimony of any of defendant's witnesses through caprice or without cause, merely for the reason that they are in the employ of a railroad company. The credibility of defendant's witnesses should be judged by the jury precisely the same as they judge the credibility of other witnesses."

This request might very properly have been given. See *Gregory* v. *Railway*, 138 Mich. 368. But it does not follow that it was error to refuse it. The record does not show that anything occurred to indicate to the trial judge that the jury would, and it does not show anything to indicate to us that the jury did, "disregard the testimony of any of defendant's witnesses through caprice or without cause, merely for the reason that they are in the employ of a railroad company." Moreover, the trial court charged the jury to "give such credit to the testimony of each witness as, under all the circumstances, such witnesses seem to be enti-

tled to," and that "it is your imperative duty to try this case and decide the same precisely the same as you would if it were a suit between two individuals, and the fact that the plaintiff is an individual and the defendant a corporation should make no difference." Under these circumstances, the refusal of the trial judge to give the request under consideration was not error. He was justified in deciding that he had already sufficiently covered the subject, and that the request would not be helpful to the jury. I think it may also be presumed that the defendant was not prejudiced by such refusal. See *Shaller* v. *Railway*, 139 Mich. 171.

Defendant's counsel was denied the right, in cross-examining both plaintiff and her sister, to ask certain questions which related to their credibility as witnesses. We think the trial court has a discretion respecting such matters which was not abused in this case.

No other complaint demands consideration.

The judgment is affirmed.

MCALVAY, GRANT, MONTGOMERY, and HOOKER, JJ., concurred.