CORBS v. MICHIGAN CENTRAL RAILROAD CO.

144    73
156   ²256

1. Railroads—Injuries at Crossing—Negligence—Evidence.
   In an action against a railroad for injuries at a crossing, evidence that defendant did not sound the statutory signals is sufficient to go to the jury as to defendant's negligence.

2. Same—Contributory Negligence—Failure to Stop, Look, and Listen.
   Where a highway crosses a railroad at a very acute angle on a high embankment, and a traveler on the highway stops, looks, and listens twice before attempting to cross, the second time when the wheel of his carriage is within 10 feet from the track, he is not negligent in failing to stop again before crossing, though, owing to the length of the crossing, he has yet to travel 91 feet before reaching a place of safety.

3. Same—Evidence—Sufficiency.
   Testimony of plaintiff that she stopped, looked, and listened, and did not see or hear a train which was approaching, is not necessarily to be discredited as in contradiction with physical facts, where the crossing was very long, and there is testimony from which the jury may find that the train was hidden from view by buildings, excavations, and other obstructions, and that, after plaintiff's observation was made, the train came from behind those obstructions, running at a very rapid rate of speed, and struck plaintiff before she had gotten entirely across the unusually long crossing.

Error to Tuscola; Beach, J. Submitted June 14, 1905. (Docket No. 7). Decided May 24, 1906.

Case by Lena Corbs, by next friend, against the Michigan Central Railroad Company for personal injuries. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Reversed.

*Abbott & Abbott* and *Lehmann & Riggs*, for appellant.

*E. A. Cooley* and *J. C. Hewitt* (*Henry Russel* and *O. E. Butterfield*, of counsel), for appellee.

Carpenter, C. J. Plaintiff brought this suit to recover damages for personal injuries. The court below directed a verdict in favor of defendant. Plaintiff asks us to reverse that judgment, contending that her testimony made a case entitling her to the judgment of the jury.

We state the testimony, placing upon it, as we should, the construction most favorable to plaintiff. Plaintiff was injured by a collision between one of defendant's trains (a fast passenger) and a vehicle (a covered top buggy) in which she and her uncle were driving across defendant's track on the outskirts of the village of Millington. The highway, called State road, on which they were driving, runs north and south. Defendant's track at this place runs from the southeast to the northwest, making the highway and railroad intersect at an acute angle. Plaintiff and her uncle approached the crossing from the south. The train which struck them also approached from the south. Both plaintiff and her uncle were familiar with the crossing and the surroundings. They lived just north of the village and had occasion to use it several times each week. They also knew, in a general way, the schedule time of the train which struck them. On the day of the accident, November 26, 1903, this train was late. It was due at 10:30 a. m., and the accident happened nearly an hour later. A brisk wind was blowing directly from the north, toward the direction from which the train came. Defendant's track at the crossing in question is laid on an embankment about 12 feet in height. To enable the highway to cross said track it also runs on an embankment. This embankment commences about 300 feet south of the crossing and from that point rises gradually until the crossing is reached. The traveled part of the highway on this embankment is 12 feet wide. As plaintiff and her uncle approached this crossing, they stopped and looked twice. The first stop was made at the foot of the embankment. The second stop was made when they were 42 feet from the crossing and 91 feet from a point where they would be safely across and

out of danger. (In other words, owing to the fact that the highway and railroad were nearly parallel, a traveler on the highway in crossing the track would go 49 feet· in the path of the approaching train.) At the time this second stop was made, the nearest rail of defendant's track was only 10 or 12 feet distant from plaintiff and her uncle. This distance is measured, not in the direction that they were traveling, but on a line almost at right angles with that direction. This circumstance is thought to be important, because it indicates that the train would have passed very close to them, had they remained where they stopped. When this second stop was made, plaintiff's uncle leaned forward and looked to the south. Plaintiff looked in the same direction through the small window at the rear of the carriage. Both plaintiff and her uncle also listened. They neither saw nor heard anything to indicate that the train was approaching. Thereupon the horse was started, and they drove rapidly forward. Plaintiff, in the meanwhile, listened and heard nothing. The hind wheel of the carriage was struck by the approaching train, but not until it was almost out of danger. In consequence of this collision the carriage was thrown over and plaintiff injured. Several witnesses testified that as the train approached the crossing defendant failed to give the signals required by the statute. It is clear that there was evidence of defendant's negligence.

The serious question is whether there was evidence of plaintiff's diligence. The learned trial judge thought there was not. He directed a verdict for the defendant upon the ground that the plaintiff and her uncle were guilty of contributory negligence because they did not make another and later observation before attempting to cross defendant's track. In reaching this conclusion the circuit judge assumed that after they stopped the second time there was a distance of 70 feet in which this observation could have been made. This assumption, as already shown, was erroneous. That distance was only 42 feet, and as they traveled this distance plaintiff and her uncle were within less than 12 feet of the nearest rail and with-

in less than 10 feet of the path of the approaching train, and this distance was constantly shortened as they moved forward. Moreover, they were on a narrow embankment several feet high. We cannot say, as a matter of law, that a person of ordinary prudence would, under these circumstances, have stopped to make another observation. Such a person might have properly decided that the safest course for him to pursue was to endeavor to get away from these dangerous surroundings as soon as possible. We cannot, therefore, agree with the reasoning of the learned circuit judge.

The charge of contributory negligence must then rest, and it does rest, on the claim that when this second stop was made plaintiff and her uncle did not look and listen carefully. If their testimony is believed, plaintiff and her uncle did look and listen carefully. Defendant's counsel contend that their testimony must be discredited because it is opposed to the fact clearly established by other testimony that the approaching train was clearly in view when they made this second stop and observation. While there is abundant testimony tending to prove that the approaching train was at that time in clear view, we cannot say that this fact is conclusively proved. On the contrary, we think the jury might find from the testimony that it was then hidden from view by intervening buildings, excavations, and other obstructions, and that after that observation was made, running at a very rapid rate of speed, it came from some point beyond those obstructions and struck plaintiff and her uncle before they had gotten entirely across this unusually long crossing. If the testimony of plaintiff and her uncle is believed, they took every practicable precaution to prevent injury. This is not a case in which the court can say that the jury must discredit that testimony. The question of contributory negligence was therefore for their determination.

Judgment reversed, and a new trial ordered.

McAlvay, Grant, Montgomery, and Ostrander, JJ., concurred.