HINKLEY *v.* WABASH RAILWAY CO.

RAILROADS—NEGLIGENCE—CROSSING ACCIDENTS.

It was proper to submit to a jury the respective claims of negligence and contributory negligence in the injury of plaintiff at a railroad crossing, at which plaintiff claims the occupants of her conveyance stopped and listened some distance from the track, and then proceeded with care, still looking and listening after the pause, but were struck by a train running at an excessive rate of speed, which failed to give the statutory signals: the testimony of either party being in dispute, and defendant claiming that the driver of the vehicle should have stopped at a different place where the highway crossed an adjacent parallel railroad track and the view was unobstructed.

Error to Lenawee; O'Mealey, J. Submitted April 11, 1910. (Docket No. 56.) Decided September 27, 1910.

Case by Ida B. Hinkley against the Wabash Railway Company for personal injuries. A judgment for plaintiff is reviewed by defendant on writ of error. Affirmed.

*Smith, Baldwin & Alexander*, for appellant.
*Fellows & Chandler*, for appellee.

MOORE, J. On the morning of February 17, 1907, the plaintiff and her mother started to go from their farm to the city of Adrian in a single buggy. The horse was driven by Mr. Stamp, who worked the farm. He sat upon a blanket rolled up, which was placed between the two women, so he was a little higher up than they were. The highway ran north and south and crossed the tracks of the Detroit, Toledo & Ironton Railroad, and the defendant road, near Madison Center. The conveyance was going north. It passed over the track of the Detroit, Toledo & Ironton Railroad, and the horse had passed the

track of the defendant road, when a train coming from south of west struck the buggy and killed Mr. Stamp and the mother of the plaintiff. The plaintiff received injuries at this time, because of which she sued defendant and recovered a judgment, which is brought here for review by writ of error.

Counsel say in their briefs that only one error is urged, and that is the contributory negligence of plaintiff. Their claim is tersely stated in their brief, as follows:

"If the plaintiff, her mother, and the driver had looked at a time when to have looked would have been effective, they could have seen the train and avoided being injured; that the view was absolutely clear while they drove more than 40 feet. Therefore it is conclusively established that, whatever she may say about having looked and having listened, this court must say that she did not look with that attention or listen with that care which she should have done for her own safety, and that therefore she cannot recover. * * * And we insist that since there can be no other eyewitnesses to the accident, and that the plaintiff has stated all that she knew, she says, or can remember, and that the situation and evidence cannot be changed without taking a position contrary to the one taken by her in her testimony, that the case ought to be reversed without any new trial."

The serious question is not so much a question of law as one of fact. The printed record contains upwards of 200 pages. In addition to the oral testimony, many photographs, some blueprints, and some tracings, were offered in evidence. It is manifest that a detailed statement of the evidence cannot appear in this opinion. It is the claim of the plaintiff that the horse, which was a spirited one, but a gentle one, was stopped at the hay scales in the highway south of the railway crossing; that all the persons in the carriage looked and listened; that they heard and saw nothing of a train. It is her claim that this was the proper place to stop, look, and listen, and that the view from that point until the depot was passed was obstructed by an outbuilding, by a coal shed, by cars on a siding, and by the depot itself; that by the

side of the depot was a platform, by the side of that the track of the Detroit, Toledo & Ironton Railroad, and 18 feet from this track and parallel to it is the track of the Wabash road where the accident happened. It is the further claim that, from the time the carriage was stopped until it was struck, its inmates continued to look and listen; that it was unreasonable to ask that the conveyance should be stopped after it passed the station, because this would require it to stop on the track of another railroad, and too near the defendant road; that the train was running 60 miles an hour or more; and that no statutory signals were given. On the part of the defendant, it is claimed that there was a place between the scales and the depot where an approaching train could have been seen. It is denied that the train was running at a high rate of speed. It is claimed the statutory signals were given, and that plaintiff was guilty of contributory negligence, in that the conveyance was not stopped after the depot was passed, even though it was stopped on a railroad track which it was claimed by defendant was 30 or 35 feet from the Wabash track.

There was testimony given tending to sustain the diverse claims of the parties, but the testimony abounded in contradictions. We think, in view of the contradictory testimony, that the question of contributory negligence was a proper one for the jury. See *Hintz* v. *Railroad Co.*, 140 Mich. 565 (104 N. W. 23); *Corbs* v. *Railroad Co.*, 144 Mich. 73 (107 N. W. 892); *Wilbur* v. *Railroad Co.*, 145 Mich. 344 (108 N. W. 713); and the many cases cited in the opinions in those cases.

Judgment is affirmed.

OSTRANDER, HOOKER, MCALVAY, and BROOKE, JJ., concurred.