KROUSE v. DETROIT UNITED RAILWAY.

1. CARRIERS — ALIGHTING FROM AND BOARDING CARS — PERSONAL INJURIES—NEGLIGENCE.
   Plaintiff's judgment of $1,500 for personal injuries sustained in alighting from defendant's street car which plaintiff, supported by one witness, claimed started too soon, but which three witnesses testified did not stop at the crossing at which plaintiff tried to alight, was properly allowed to stand, on motion for new trial, after three trials wherein the several juries rendered verdicts for plaintiff.[1]

2. SAME.
   The fact that the trial court indicated an opinion that the verdict is contrary to the weight of the evidence, where he refuses a new trial, is not controlling.

3. SAME—DAMAGES—VERDICT.
   The amount of plaintiff's verdict for injuries to her skull requiring the removal of a piece of the bone and for shock to her nerves, was not so excessive as to warrant the court in granting a new trial.

4. EVIDENCE—FORMER TESTIMONY.
   Proof of inability to find a witness at his former address or to find his name in the city directory was not so full and convincing as to warrant the appellate court in reversing the discretion of the trial judge who excluded his testimony given on a former trial.

5. SAME—INSTRUCTIONS TO JURY—TRIAL.
   There was no error on the part of the court in refusing to instruct the jury that there was an entire absence of proof of the conductor's signaling the motorman to start the car, when the declaration counted on negligence of both conductor and motorman in starting the car.

Error to Wayne; Hosmer, J. Submitted April 5, 1912. (Docket No. 49.) Decided May 31, 1912.

Case by Ella Krouse against the Detroit United Rail-

---

[1] Duty of street-car conductor to see that passenger is off before starting the car, see note in 11 L. R. A. (N. S.) 140.

ways for personal injuries.   Judgment for plaintiff.   Defendant brings error.   Affirmed.

*Brennan, Donnelly & Van De Mark*, for appellant.

*William C. Gottman*, for appellee.

STEERE, J.   Plaintiff was injured on the 20th of April, 1908, while alighting from one of defendant's west-bound cars at or near the corner of Scotten avenue and Fort street in the city of Detroit.   The negligence alleged as ground of recovery was starting the car while she was in the act of alighting, and before she had reasonable time to alight, thus throwing her to the pavement, from which she sustained serious bodily injuries.

The case has now been three times tried in the circuit court, resulting each time in a verdict in favor of plaintiff. After the first trial the circuit judge set aside the verdict for the reason that, in his opinion, it was against the weight of evidence.   The second trial again resulted in a verdict in favor of plaintiff.   A motion to set aside the verdict having been denied, the case was brought to this court by writ of error.

The circumstances of the accident and claims of the respective parties put in issue by the conflicting testimony are sufficiently stated in the previous decision, found in 166 Mich. 147 (131 N. W. 548).   The case was then reversed and a new trial granted on the ground that the verdict was against the weight of evidence; it being said in the majority opinion—

"The plaintiff's right to recover rests on her own unsupported statements as to the facts.   Her interest is, of course, manifest.   Opposed to her are four witnesses, not one of whom, at the time of the trial, had the slightest interest in the controversy."

On the trial now here for review, additional evidence was produced by the plaintiff.   The verdicts in both the former trials were sustained by her unsupported testimony as to how the accident happened, while on the last trial

she stands corroborated on material points by a witness named Maher who saw the accident, was the first one at her side after she was injured, and assisted in carrying her to a drug store. This witness was entirely disinterested, so far as appears. His name was obtained from the memoranda of a policeman who came upon the scene shortly after the accident, and in the line of his duty took notes of the circumstances as he gathered them. Maher was standing on the sidewalk at the corner near where the car was expected to stop, watching for it, and waiting to meet a friend he expected on that car. That plaintiff fell from one of defendant's cars and was injured on the occasion in question is not denied, though the extent of her injuries is in dispute. It is her claim that she proceeded with reasonable dispatch to alight from the car after it had stopped at the crossing; that just as she was about to step to the ground, in the meantime putting her hand on the bar at the side of the door, the car suddenly started up, causing her to fall on the pavement, striking on her head. It is the claim of defendant that the car made no stop at or near the crossing where she fell until after the accident; that she went out upon the platform and attempted to alight while the car was running, thus causing her injuries by her own recklessness and negligence. There was direct conflict of testimony on these material issues. Two witnesses testified the car stopped, three that it did not. One of the plaintiff's witnesses and two of defendant's are not shown to have had any interest in the controversy. Plaintiff's witness was standing on the walk watching the car and expecting a friend to alight from it. Defendant's witnesses were riding on the car.

Error is alleged on the refusal of the court to grant defendant's motion for a new trial, based on the ground that the verdict was excessive and against the weight of evidence.

In his reasons for denying the motion, the learned circuit judge said:

"I cannot stultify myself by saying that I should have reached the same conclusion the jury reached, but upon the other hand I cannot say that the verdict is so manifestly against the weight of the evidence that the court ought at this stage of the proceedings to interfere. This cause came on before me first for trial and, the plaintiff having recovered a verdict, I set the same aside as being against the weight of the evidence. It was tried again before Judge Mandell and he declined to grant a new trial, but on the removal to the Supreme Court by error * * * a new trial was granted as against the weight of the evidence. The third jury reached the same conclusion that the two prior juries reached, and on this trial the plaintiff found another witness who supported her side of the case; under these circumstances I do not think a new trial should be granted. Where three juries have reached the same conclusion, the court ought not lightly to interfere, and I am forced to the conclusion that the matter should be again presented to the Supreme Court before a circuit judge should grant a new trial. I cannot say that the verdict is excessive. I think if I had been in the place of the jury and if I could have reached the conclusion that the plaintiff was entitled to recover, I should have awarded larger damages than the jury has given. There can be no question but what she was severely injured. There can be no question but what she received a very great shock, and it would be manifestly improper for the court to set aside this verdict as excessive."

While the judge intimates that if his judgment was substituted for that of the jury on the issues of fact presented by the conflicting testimony of witnesses, he would incline to a different conclusion, yet he also finds himself unable to say that the verdict is so manifestly against the weight of evidence as to require the court to invade the province of the jury and interfere. Neither should this court do so simply because its members might, if jurors, incline to a different verdict.

The functions and prerogatives of the jury are yet distinct and well-defined. The statute (3 Comp. Laws, § 10504) authorizing this court to review the action of the trial court in refusing to grant a motion for a new trial has been so often construed in previous decisions that

there can remain no doubt of its import and scope. The only question which can arise is its application to the case at hand.

The fact that the circuit judge in refusing a new trial indicates an opinion that the verdict is not according to the weight of evidence is not controlling. *In re Hoyle's Estate*, 162 Mich. 275 (127 N. W. 284).

In *Hintz* v. *Railroad Co.*, 132 Mich. 305 (93 N. W. 634), in an able review of the subject by Justice CARPENTER, a new trial was granted on the ground that the verdict was against the weight of evidence. After another trial the case again came before this court (140 Mich. 565 [104 N. W. 23]), and in affirming the judgment it was said:

"We are asked to set aside this verdict, as we did the verdict in the former trial, on the ground that it is against the weight of the testimony. We thought the weight of the testimony as shown by the former record proved that the plaintiff's injuries resulted, not from a collision with defendant's train, but from a runaway which occurred after defendant's train had passed Davenport street. On this occasion, and on this record, we are less confident of the correctness of that conclusion. Our confidence is somewhat lessened by the fact that since that time two juries, who are the ultimate triers of the issue of facts, have decided that plaintiff's injuries did result from such collision."

In this case three juries, 36 men properly selected by drawing at random from the box containing a list of jurors duly qualified and disinterested, so far as appears, have reached the same conclusion from the testimony as to defendant's liability. While not necessarily controlling, this is significant. The court will only interfere when a verdict is so manifestly contrary to the overwhelming weight of evidence and so palpably wrong as to force the conviction that it was the result of either passion or prejudice or a dense incapacity to analyze testimony and discern the truth. We do not think this is so clearly shown as to require this court to decide adversely

on the action of the lower court in declining to grant a fourth trial.

It is claimed that the verdict which was for $1,500 was excessive, and the case should be reversed on that ground.

The testimony tended to show that plaintiff was seriously hurt by her fall from the car; that she struck on her head on the pavement, fracturing her skull; that she was carried unconscious to a drug store where she received the attention of a physician, and from thence was taken to a hospital before she regained consciousness; that she was confined to her bed for a period of nearly three weeks as a result of the injury, and an operation was found to be necessary in which a piece of bone was removed from her skull; that her nervous system was shattered and she has never fully recovered, being treated from time to time by a physician nearly ever since. In view of the testimony upon that subject, which was for the jury, we are not able to say that the verdict was excessive.

Error is alleged on refusal of the court to allow defendant to read to the jury the testimony of a witness named Rogers taken on a former trial. As foundation for so doing, defendant proved by a witness named Hassig that he had searched for Rogers in an endeavor to subpœna him and could not find him; the search consisting of going to Rogers' former address and also looking for his name in the city directory in vain. There was no showing that the witness was dead or out of the jurisdiction of the court or that all reasonable efforts to find him had been diligently made.

The proof of inability to find a witness should be full and convincing, and the sufficiency of such proof is largely in the discretion of the trial court, which will not be revised in the absence of evidence of gross abuse of such discretion. 16 Cyc. p. 1098; *Vaughan* v. *State,* 58 Ark. 353–371 (24 S. W. 885).

Error is also assigned on refusal of the court to charge that there was an entire absence of proof that the car was started on a signal from the conductor; the declaration

counting on a failure of duty on his part. An examination of the declaration discloses the averment, amongst other things:

"That the said defendant, by its agents and servants, said motorman and conductor, * * * neglected its said duty * * * in the exercise of due care on her part, and, while so getting off said car as aforesaid, said motorman and conductor did wrongfully, etc., suddenly start said car."

If the car was negligently started it would be immaterial whether it was the fault of the motorman or the conductor.

The charge was very complete and correctly advised the jury of the issues and their duties in that connection. It contained the substance of defendant's requests so far as they were applicable. The judgment is affirmed.

MOORE, C. J., and MCALVAY, BROOKE, BLAIR, STONE, and OSTRANDER, JJ., concurred. BIRD, J., did not sit.