NICHOLS *v.* GRAND TRUNK WESTERN RAILWAY CO.

1. RAILROADS—CROSSING ACCIDENT — PERSONAL INJURIES — NEGLI-GENCE—QUESTION FOR JURY.

In an action for personal injuries caused by a collision be-tween plaintiff's automobile and defendant's train at a crossing in a village, evidence that the train was running 30 miles an hour and that the statutory signals were not given, *held,* to present a question of fact for the jury as to defendant's negligence.

2. SAME—CONTRIBUTORY NEGLIGENCE.

Where plaintiff's automobile stopped within 10 feet of the side track waiting for an east-bound train to pass, and, after looking and listening, proceeded to cross, although view of west-bound track was obstructed, and was struck and injured by west-bound train, it cannot be said that plaintiff was guilty of contributory negligence, as matter of law, for failure to again stop on side track or space between tracks to make observations before proceeding.
OSTRANDER, C. J., and BROOKE, J., dissenting.

Error to Cass; Des Voignes, J. Submitted June 18, 1918. (Docket No. 47.) Decided October 7, 1918.

Case by Ida M. Nichols against the Grand Trunk Western Railway Company for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*Harrison Geer* (*R. R. Weaver,* of counsel), for appellant.

*M. L. Howell, V. G. Jones,* and *Walter C. Jones,* for appellee.

BIRD, J. Plaintiff and her husband are farmers, and reside some distance south of the village of Mar-cellus. On November 14, 1916, she, her husband and son drove to the village in their Ford automobile.

See notes in 21 L. R. A. (N. S.) 794; 29 L. R. A. (N. S.) 924; 46 L. R. A. (N. S.) 702.

After attending to their errands they started for home at about 3:30 in the afternoon. The son was at the wheel and plaintiff sat in the rear seat with her husband. They proceeded south on Center street until they reached the two-track railway of defendant where they stopped to allow an east-bound freight train to pass. After the train cleared the crossing they looked and listened to discover whether a train was approaching on the west-bound track. They discovered nothing and proceeded on their way, only to be struck a few moments later by a rapidly moving west-bound special, composed of a locomotive and caboose. The result of the collision was the death of the son, serious injury to the plaintiff and destruction of the machine. Plaintiff brought suit to recover compensation for her injuries and was awarded a verdict of $3,000, on the theory that defendant was guilty of negligence in the operation of its train.

The principal questions raised by defendant are:

(1) Was defendant negligent in the operation of its train?

(2) Was plaintiff guilty of contributory negligence?

1. Counsel contends that no actionable negligence upon the part of the defendant was shown and that the trial court was in error in refusing to direct a verdict in its behalf on that question. Plaintiff's testimony shows that defendant's double track railway extends through the village of Marcellus in a northeasterly and southwesterly direction and crosses Center street at an angle of fifty-three and one-half degrees; that as they approached the crossing an eastbound freight train was either passing or stood on the south main track near the crossing; that one or two cars stood upon the side track north of the westbound track, which, together with the buildings of the Marcellus milling plant, entirely obstructed their view of the west-bound track east of the crossing until

they had crossed the side track. It was further shown that the defendant operated its train over the crossing at a speed of 30 miles an hour without giving any warning of its approach and without any warning from the crossing signals. If plaintiff's testimony is to be accepted that defendant operated its train over the crossing in question at a rate of 30 miles an hour without giving the statutory warning, it opened the way for the jury to find that defendant operated its train in a negligent manner.

Counsel argues, however, at some length, that plaintiff's testimony did not make a case for the jury because it did not show that the statutory signals were not given; that the testimony relied upon to establish this fact was negative testimony. We cannot accept this version of the evidence. There were at least two witnesses who gave positive testimony that the signals were not given. Other testimony to the same effect was more or less uncertain, but was of some value in determining the question. The question of defendant's negligence was clearly within the domain of fact and, therefore, one for the jury. *Crane* v. *Railroad Co.*, 107 Mich. 511; *Hinkley* v. *Railway Co.*, 162 Mich. 546; *Tietz* v. *Railway Co.*, 166 Mich. 205.

2. Was plaintiff guilty of contributory negligence as a matter of law? Plaintiff's automobile was driven down Center street and stopped within 10 feet of the side track. After waiting for the east-bound train to pass they looked and listened, and hearing nothing they proceeded on their way. Counsel argues that plaintiff did not stop her automobile at a place where the view was unobstructed as she should have done. Where plaintiff stopped, her view of the track to the east of the crossing was so completely obscured by the buildings of the milling plant and by the cars on the side track that she could get no view of the west-bound track until she passed the cars on the side

track, as they stood very close to the highway.  Had she stopped further north the view would have been no better.  The distance between the side track and the west-bound track was less than 20 feet, and counsel argues that plaintiff should have driven into that space and stopped.  We do not think we can say as a matter of law that plaintiff was guilty of contributory negligence for not driving on to the side track or into the space between the west-bound track and side track to make observations before proceeding to cross the tracks.  Ordinarily when one gets within 10 feet of a railroad track and stops, his sense of hearing, if normal and diligently used, will determine whether it is safe to proceed.  This crossing at the time, however, was beset with many difficulties.  It is possible that plaintiff ought to have done just what counsel suggests, but if it were her duty to do so it was a question of fact to be determined by the jury, and not by the court.  Whether she should have driven on to the side track and taken the chances of the cars being shunted against her, or have driven into the open space between the two tracks with its attendant dangers to make observations is a question about which reasonable minds might well differ.  Another fact which the jury had a right to take into consideration in determining the question was the fact that neither of the crossing bells was ringing at the time.

Counsel urge that this case is ruled by *Sanford* v. *Railway Co.,* 190 Mich. 390.  In the case cited there were no such obstructions to shut off the view of the traveller as in the present case and neither was it necessary in that case for plaintiff to drive onto a side track or into a narrow space between two tracks in order to obtain a view of the main track.  Had Sanford exercised the care that the plaintiff did in stopping his car he probably would not have been in collision with the train.

We think the trial court was right in submitting both of these questions to the jury. The verdict is affirmed.

MOORE, STEERE, FELLOWS, STONE, and KUHN, JJ., concurred with BIRD, J.

BROOKE, J. (*dissenting*). I am of opinion that the facts in this case bring it clearly within the principle announced in *Sanford* v. *Railway Co.*, 190 Mich. 390. The judgment should be reversed.

OSTRANDER, C. J., concurred with BROOKE, J.