RYAN *v*. PERE MARQUETTE RAILWAY CO.

RAILROADS — NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — PERSONAL INJURIES—GREAT WEIGHT OF EVIDENCE.
   In an action for personal injuries received when plaintiff's automobile was struck by defendant's train at a crossing, a verdict for plaintiff, *held*, by a divided court, not against the clear weight of the evidence.

Error to Genesee; Black (Edward D.), J.    Sub-

mitted April 28, 1922.   (Docket No. 36.)    Decided July 20, 1922.

Case by James H. Ryan against the Pere Marquette Railway Company for personal injuries.   Judgment for plaintiff.   Defendant brings error.   Affirmed by a divided court.

*Carton, Roberts & Stewart,* for appellant.

*Parker & Wilber,* for appellee.

WIEST, J.   About 8 o'clock on a stormy March evening, plaintiff, while driving his automobile to cross the track of defendant company at its intersection with Stewart avenue in the city of Flint, was struck by a train and injured.   He brought this suit and recovered damages on the claim that his view of the coming of the train was prevented by a string of box cars standing upon a passing track between him and the main track, and partly within the street and so close to the roadway that when he reached the zone of view of the main track the train was within a few feet of him and the front of his automobile was in reach of the overhang of the locomotive.   He claims he stopped 40 or 50 feet from the track and got out of his automobile to examine the radiator and heard no train and then approached the crossing at slow speed, listening and looking but heard and saw nothing until he was in the space between the main and passing tracks and the train was upon him.   He was driving a Dort coupé and had the window toward the on-coming train lowered.   It is conceded the headlight of the locomotive was shining.

The train stopped and picked him up and on the train he wrote out and signed the following statement:

"I do not hold railroad company responsible.   I own car smashed up.
　　　　"J. H. RYAN, 2108 W. Court street."

At the yard office plaintiff called a taxicab by telephone and directed the driver to take him home. At the trial he claimed he was not conscious of happenings from the time of the accident until he came to at home in bed.   It may take a strong faith to believe that he could write such a statement, use the telephone and direct a driver where to take him, and not know what he was doing, but the appeal to such a faith was to the jury, and upon review we ought not to set the finding aside unless the claim was so manifestly untrue as to be unworthy of credence.   The instruction of the court left the question fairly to the jury and they had the advantage of seeing the witness.

Counsel for defendant claim:

"That to allow a jury to nullify an exoneration like the above, on the theory that it is the act of an unconscious man, in the light of all the testimony is too credulous."

It was a question of fact whether plaintiff was so hurt, shocked and dazed as to be bereft of conscious action.   The question of the truth of plaintiff's claim of mental dormancy was left to the jury where it belonged, and we are not inclined to disturb their verdict.

Defendant claims that plaintiff was guilty of contributory negligence as a matter of law in driving his automobile into the zone of danger without stopping at a point of safety and ascertaining whether he could proceed and the court should so have instructed the jury.   If plaintiff's testimony is believed he stopped within 40 or 50 feet of the crossing, heard no train, then drove slowly to the crossing, keeping watch by leaning out of the open window of the car and saw nothing at all until he reached the point where he could see beyond the box cars and was

then in danger.   We think the issue was for the jury under our holdings in *Fillingham* v. *Railway Co.*, 207 Mich. 644; *Nichols* v. *Railway Co.*, 203 Mich. 372; *Beaubien* v. *Railway*, 212 Mich. 81.

Counsel for defendant urge:

"The court erred in his charge to the jury in paragraph 16 as follows:

" 'So, if there is any negligence in this case it is the negligence of the railroad company in having its cars projecting out on the street and in there not-being an opportunity for the plaintiff to have seen, or heard or known that a train was approaching from the north.'

"For the reason that it fixed negligence on the company without question; in giving this charge as the court did, he said in effect, 'The railroad is negligent if you find any cars on this siding west of the main track.' "

We cannot agree with counsel.   The portion of the charge quoted followed an instruction that there was no wilful negligence on the part of the defendant.

The court had previously instructed the jury as follows:

"Now, the only question in the case, as to any negligence on the part of the defendant, is the question of the box cars along the right of way of the P. M. railroad track."

There is testimony in the case that quite a number of box cars stood upon the passing track with the car at the south end partly within the limits of the street and about where the sidewalk would come. The charge fully instructed the jury as to the issues in the case.   We are not persuaded to set the verdict aside as against the clear weight of the evidence.

A motion for judgment *non obstante veredicto* was made by defendant and denied by the court.   There was no error in this.

We discover no reversible error and the judgment is affirmed, with costs to plaintiff.

STEERE, MOORE, and BIRD, JJ., concurred with WIEST, J.

SHARPE, J.   In my opinion, based largely on the written admission of plaintiff, the verdict is against the great weight of the evidence.   For that reason the judgment should be set aside and a new trial granted.

FELLOWS, C. J., and McDONALD and CLARK, JJ., concurred with SHARPE, J.