TREE *v.* DETROIT, GRAND HAVEN & MILWAUKEE RAIL-
WAY CO.

1. APPEAL AND ERROR—DIRECTED VERDICT—TESTIMONY CONSIDERED
MOST FAVORABLY FOR APPELLANT.

In reviewing a personal injury case, where verdict was
directed for defendant on the ground of plaintiff's con-
tributory negligence, the Supreme Court will assume that
defendant was guilty of negligence, and the question for
determination is whether, taking plaintiff's testimony in
its most favorable light, he was guilty of contributory
negligence.

2. RAILROADS—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—DIRECTED
VERDICT.

Where a west-bound truck driver, about to cross a rail-
road crossing on which there were four tracks, looked to
the north when he was at the first track, and did not look
to the south, in which direction his view was obstructed,
until he reached the second track, when he saw a train
coming from the south on the third track, but too late to
avoid it, and which he could have seen from the middle
of the first track, had he looked, he was guilty of con-
tributory negligence as matter of law.

BIRD, J., dissenting.

Error to Wayne; Miller (Guy A.), J.    Submitted
January 7, 1927.    (Docket No. 56.)    Decided June
6, 1927.

Case by Arthur Ross Tree against the Detroit, Grand
Haven & Milwaukee Railway Company for personal
injuries.    Judgment for defendant on a directed
verdict.    Plaintiff brings error.    Affirmed.

*Sol Blumrosen,* for appellant.

*H. R. Martin (Leo J. Carrigan,* of counsel), for ap-
pellee.

[1]Appeal and Error, 4 C. J. § 2709; [2]Railroads, 33 Cyc. pp. 1021,
1119; 17 L. R. A. (N. S.) 505; 41 A. L. R. 417; 22 R. C. L. 1031;
6 R. C. L. Supp. 1348.

WIEST, J.    Four tracks of defendant railroad company cross Woodbridge street east in the city of Detroit.   November 26, 1923, about 4 o'clock in the afternoon, an automobile truck, driven by plaintiff, was struck by a locomotive, going north, while he was crossing the third track, counting from the east, and plaintiff received injuries.    This suit was brought by him to recover damages for injuries to his person.   At the trial plaintiff was the only witness, and, at the close of his testimony, the court directed the jury to render a verdict* for defendant on the ground of contributory negligence of plaintiff.    Plaintiff reviews by writ of error.    We assume, for the purpose of decision, that defendant company was guilty of negligence.    Was plaintiff guilty of contributory negligence, in the light of the most favorable view of his testimony?

The street was damp, the crossing was planked and plaintiff was driving west.    Not seeing defendant's watchman at the crossing, plaintiff brought his truck down to a speed of about four miles an hour when six or eight feet from the easterly or first track in front of him.   · At that point his view of the tracks was obstructed by a building on one side and cars standing on the easterly track.    When he got to the center of the first track he could then see the tracks to the south for at least 150 feet, because of a curve.    As he was at the second track he saw a train approaching from the south on the third track, and, as he was then traveling at about 10 miles an hour, and the locomotive was 30 or 40 feet away, he felt the best thing he could do was to keep on going, and he drove on; the truck was struck and he received injuries. Had he looked to the south, when crossing the easterly track, he unquestionably would have had a view of the train in time to have stopped his automobile.    Instead of looking to the south at that point, he looked to the north, and drove into the danger zone without

taking a view to the south until too late to avoid the accident.    It is evident that before he started to cross the tracks he noted the absence of the watchman, and assumed, as was proper, the duty of crossing under his own supervision.

We need quote but his own summary of his testimony:

"*Q.* In other words, isn't it a fair statement to say that you looked north when you were at the first track, and you were going 8 or 10 miles an hour and by the time you looked south you had got to the second track?

"*A.* Yes.

"I think that is what I have been saying.    I didn't think I made any other statement.    That is the best recollection I have of the accident.    I looked north at the first track when I was going about 8 or 10 miles an hour.    I don't think I looked south at the first track.    When I was going across the second track I looked south and saw the train coming.    I then put the brakes on and then decided I had better take the brakes off and speed up and I went over the second and third track, speeding up all the time.    When I reached the third track the train struck me.    That is the clearest recollection I have of the accident."

He was careful at a point where he could not view the tracks to the south, and careless when he reached a point where he could see and still be in a zone of safety.    Under his testimony it would have been idle to submit the case to the jury, for any verdict for plaintiff could not stand.    The law is too plain to call for citation of authority.

The judgment is affirmed, with costs to defendant.

SHARPE, C. J., and SNOW, STEERE, FELLOWS, CLARK, and McDONALD, JJ., concurred with WIEST, J.

BIRD, J. (*dissenting*).    Plaintiff, with his truck, was proceeding in a westerly direction along Woodbridge street, which ran at nearly right angles with

the railway tracks. At the northeast angle the flag-man shanty was located; at the northwest angle a field; at the southwest angle a circular building. At the south-east angle a string of freight cars was standing, and at that intersection a building extending half a block south, which was situate close to the street. There were four tracks to cross. As plaintiff approached the tracks he slowed his truck from 12 miles an hour to 4 miles. Before entering on the east track he looked to the north. He could see some distance in that direction. At that point he could see practically nothing to the south by reason of the freight cars. When he got on the second track he looked to the south and saw a train approaching on the third track. He was so close to the third track that he thought the safest course was to increase his speed and hasten across. Before he cleared, the locomotive struck his hind wheel. This would indicate his judgment in the emergency was fairly good, as a moment more would have put him beyond the reach of the train.

The tracks, after crossing Woodbridge street from the north, turn sharply to the southwest, and plaintiff says he could not see more than 30 or 40 feet south of the intersection when he entered on the second track, on account of this sharp curve and the building ad-jacent. As he approached the tracks he did not see the flagman who was usually there, and did not see him until after the accident had happened. He heard no bell, nor any noise of a moving train before he saw it.

It is said he was guilty of contributory negligence because he did not look south first instead of north. He could not look both ways at once. Had he looked south, and the train had been coming from the north, then it would have been claimed that he was guilty of contributory negligence because he did not look north first. A similar contention was made in *Morgan* v. *Railway*, 234 Mich. 497. In answer to it we said:

"Contributory Negligence of Plaintiff: Plaintiff drove to the railway track and stopped about 10 feet from the track. He looked and listened and saw no car approaching. He started up and looked again when he had a better view. There was nothing in sight from the east. He glanced to the west and the car was dangerously near him. He was then on the track. He concluded it would be better to proceed, but for the lack of a second more time he failed to clear it. His view to the west was interfered with by a thorn-apple tree about 23 feet from the highway, whose branches extended into the railway right of way from 4 to 6 feet. A large sign, located 117 feet west of the highway, interfered with his view. Besides these, the photographs show that the right of way was a narrow one, and that poles and trees were farther to the west. From where he stood 10 feet from the track he could see from 100 to 150 feet to the west. Counsel argue that if plaintiff had stopped his motor when he stopped his car he, doubtless, could have heard the car approaching, and that if he had stopped further north he would have had a better view to the west. We think these are arguments that should be addressed to the jury. Because he failed to do those things it cannot be said, as a matter of law, that he was negligent (*Nichols* v. *Railway Co.*, 203 Mich. 372), although the jury might find that he was guilty of contributory negligence for having omitted to do those things. It all gets back to the question as to whether the plaintiff conducted himself as an ordinarily prudent man would have done under similar circumstances. It was clearly a question for the jury. 22 R. C. L. p. 1031."

All of these facts and conditions about which reasonable minds might differ were questions for the jury, and I think the trial court was in error that he decided the question as one of law.

I think the judgment should be reversed, with costs of both courts to plaintiff.